IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE WADSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:18-CV-818-WKW |
| | )   [WO] |
| BILL FRANKLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, Jesse Wadsworth ["Wadsworth"], an inmate in the custody of the Elmore County Jail in Wetumpka, Alabama, filed this 42 U.S.C. § 1983 action on September 21, 2018 in which he challenges the constitutionality of conditions at the county jail. Named as defendants are Sheriff Bill Franklin and the Elmore County Jail Kitchen Staff.[1] Wadsworth requests damages and injunctive relief.  Doc. 1.

Defendant Franklin filed an answer, special report, and supporting evidentiary materials addressing Wadsworth's claims for relief.  Doc. 7.  In these filings, Defendant Franklin denies he acted in violation of Wadsworth's constitutional rights and argue this case is due to be dismissed

---

[1] On September 27, 2018, the court entered an order advising Wadsworth that "Elmore County Jail Kitchen Staff" failed to properly identify any individual as a defendant, *see Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (finding that "[a]s a general matter, fictitious-party pleading is not permitted in federal court."), and granted him an opportunity to amend his complaint to name as defendants the individuals on the Elmore County Jail kitchen staff who he claims violated his constitutional rights. Doc. 5. The order cautioned Wadsworth that his failure to comply with the September 27 order would result in this matter proceeding only against Defendant Franklin. *Id*. Wadsworth filed no response.

because prior to filing this case Wadsworth failed to properly exhaust an administrative remedy available to him at the Elmore County Jail by filing a grievance about his claims that he is subjected to unconstitutional conditions of confinement at the jail. Docs. 7-2, 7-9, 7-10.

The court provided Wadsworth an opportunity to file a response to the special report and advised him he must specifically address Defendant's argument that "he [] failed to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 9 at 1 (footnote omitted). The order advised Wadsworth that his response should be supported by sworn affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 3. This order further cautioned Wadsworth that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." *Id.* at 3–4. Wadsworth has not filed a response to Defendant Franklin's report.

The court will treat Defendant's special report as a motion to dismiss regarding the exhaustion defense and resolve this motion in Defendant's favor. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court

properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted).  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at

535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

### III.  DISCUSSION

Wadsworth challenges the conditions of confinement at the Elmore County Jail. Specifically, he complains the jail provides inmates with inadequate food portions and that there is a lack of licensed and certified kitchen stewards.  In response to the complaint, Defendant Franklin asserts this case may be dismissed because Wadsworth failed to properly exhaust the administrative remedy provided by the facility prior to filing the instant complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th

Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," which

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot satisfy the PLRA's "exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id*. at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Elmore County jail provides an administrative remedy for inmate complaints in an inmate grievance procedure. The grievance procedure in effect at the county jail allows an inmate to submit complaints, concerns, or other issues regarding any aspect of their

incarceration to the attention of jail staff within fourteen days of the incident about which an inmate complains. Jail staff who receive grievances or request slips handle them in accordance with the directives set forth in the inmate handbook. If an inmate is unsatisfied with the response to their written or oral grievance, the inmate may appeal the decision to Warden Franklin by submitting a written appeal on a separate grievance form within 24 hours of receiving a response from jail staff. If an inmate is dissatisfied with the outcome of the appeal, the inmate may appeal the decision in writing to the Chief Deputy within twenty-four hours. If the inmate is dissatisfied with the outcome of this appeal, the inmate may appeal the decision in writing within twenty-four hours to Sheriff Franklin whose decision is final. Docs. 7-2, 7-9.

The court granted Wadsworth an opportunity to respond to the exhaustion defense raised by Defendant Franklin in his motion to dismiss. *See* Doc. 9. Wadsworth has filed no response. Without any stated opposition, and on the record before it, the court finds Wadsworth has an available grievance system at the Elmore County Jail, but prior to seeking federal relief he has failed to exhaust the administrative remedy available to him regarding his allegations. Defendant Franklin's motion to dismiss for failure to exhaust is therefore due to be granted. *Woodford*, 548 U.S. at 87–94.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (Doc. 7) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Elmore County Jail prior to initiating this cause of action;

2. This case be DISMISSED without prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him at the Elmore County Jail;

3. Defendant Elmore County Jail Kitchen Staff be DISMISSED with prejudice;

4. No costs be taxed.

It is further

ORDERED that **on or before March 6, 2019**, the parties may file an objection to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 20th day of February, 2019.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE